UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20848-RAR

MOUNT SINAI MEDICAL CENTER OF FLORIDA, INC.,

        Plaintiff,

v.

RAGISHA GOPALAKRISHNAN, M.D.,

        Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, RAGISHA GOPALAKRISHNAN, M.D. ("**Defendant**"), by and through her undersigned counsel, answers the Complaint filed by Plaintiff, MOUNT SINAI MEDICAL CENTER OF FLORIDA, INC. ("**Plaintiff**") as follows:

### INTRODUCTION

1. Defendant admits that Plaintiff purports to state a claim against Defendant for an alleged violation of her employment agreement, but Defendant denies that she violated the agreement and further denies that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted above, Defendant denies the remaining allegations in this section of the Complaint.

### THE PARTIES

2. Admitted

3. Admitted.

### JURISDICTION AND VENUE

4. Admitted that Plaintiff and Defendant are from different States, but denied that jurisdiction based on diversity is proper because Plaintiff has failed to join an indispensable

party—the actual author(s) of the communications referenced in Paragraphs 13-17 (the "**Communications**") who are citizens of the State of Florida.

5. Admitted for venue purposes only that venue is proper in the Southern District of Florida, but denied as to the remaining allegations and denied that Plaintiff is entitled to any relief whatsoever.

6. Denied.

## FACTUAL ALLEGATIONS

7. Defendant admits that she signed the Agreement attached to the Complaint as Exhibit 1.  Defendant further states that the Agreement is the best evidence of its terms and that to the extent any allegation contained in this paragraph varies or explains such document, Defendant denies any such allegation.

8. Defendant admits that her employment with Plaintiff began on July 19, 2021.  Defendant further states that the Agreement is the best evidence of its terms and that to the extent any allegation contained in this paragraph varies or explains such document, Defendant denies any such allegation.

9. Defendant states that this paragraph contains a mere recitation of language from the Agreement which does not call for either an admission or denial.  Regardless, Defendant states that the Agreement is the best evidence of its terms and that to the extent any allegation contained in this paragraph varies or explains such document, Defendant denies any such allegation.

10. Admitted.

11. Defendant states that this paragraph contains a mere recitation of language from the Agreement which does not call for either an admission or denial.  Regardless, Defendant states

that the Agreement is the best evidence of its terms and that to the extent any allegation contained in this paragraph varies or explains such document, Defendant denies any such allegation.

12. Defendant states that this paragraph contains a mere recitation of language from the Agreement which does not call for either an admission or denial. Regardless, Defendant states that the Agreement is the best evidence of its terms and that to the extent any allegation contained in this paragraph varies or explains such document, Defendant denies any such allegation.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

## COUNT I
**(Breach of Contract)**

19. Defendant incorporates her responses and denials to Paragraphs 1 through 18 as if fully restated herein.

20. Defendant admits that she signed the Agreement attached to the Complaint as Exhibit 1. Defendant further states that the Agreement is the best evidence of its terms and that to the extent any allegation contained in this paragraph varies or explains such document, Defendant denies any such allegation.

21. Defendant states that this paragraph contains a mere recitation of language from the Agreement which does not call for either an admission or denial. Regardless, Defendant states that the Agreement is the best evidence of its terms and that to the extent any allegation contained in this paragraph varies or explains such document, Defendant denies any such allegation

22. Denied.

23. Denied.

24. Defendant denies all allegations of the Complaint which are not expressly admitted in this answer.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Without admitting any of the allegations in Plaintiff's Complaint, and without admitting or acknowledging that Defendant bears the burden of proof as to any of them, Defendant asserts the following separate and individual affirmative defenses. Defendant intends to rely on any other defenses that become available or apparent during pretrial proceedings and discovery in this action and reserves the right to assert all such defenses, including but not limited to those listed in Federal Rule of Civil Procedure 8(c).

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action upon which relief may be granted. Specifically, Plaintiff has actual knowledge that Defendant did not author any of the Communications. Plaintiff conducted an investigation, has access to its own servers, and even rebuffed Defendant's invitation to discuss the Communications prior to filing suit. Instead, rather than taking action against the actual author(s) of the Communications, Plaintiff filed this action for an improper purpose—to harass or needlessly increase the cost of litigation for a former employee who was owed wages at the time suit was filed. The factual contentions in the Complaint have no evidentiary support and/or will likely not have evidentiary support after a reasonable opportunity for further investigation or discovery. Furthermore, with regard to Paragraph 14 of the Complaint in which Plaintiff alleges that "Defendant sent a document to MSMC," it is meritless to assert that such a communication (which the Plaintiff itself admits was not sent to a third party) can be construed as

4

"discredit[ing]," particularly where Defendant was obligated to report any colleagues that have or are suspected of having an impairment which makes that colleague unable to practice with reasonable skill and safety, as well as compromise patient safety.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are the result of the acts, errors, and omissions of third parties not controlled by Defendant, and those third parties were the sole cause of any such damages. Specifically, none of the Communications were authored by Defendant. Rather, they were authored by either third parties and/or other personnel who were employed by Plaintiff at the time those communications were written.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are not compensable to the extent they are speculative or uncertain.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by lack of injury or damages, whether actual, presumed, or otherwise.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are the result of its own actions. Specifically, any purported "reputational injury" or "loss of goodwill" is the result of Plaintiff itself making the substance of the Communications available on a public docket.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages, whether actual, presumed, or otherwise. Specifically, Plaintiff could have addressed the substance of the Communications with the recipients and pursued the actual authors of the Communications.

Furthermore, Plaintiff could have avoided any purported "reputational injury" or "loss of goodwill" by not making the substance of the Communications available on a public docket.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the terse provision of the Agreement under which those claims were brought ("Employee shall not take any action, or make any statement, that might tend to bring discredit upon Employer") is vague and ambiguous and therefore unenforceable.

### EIGHTH AFFIRMATIVE DEFENSE

Section 16.9 of the Agreement violates Section 7 and 8 of the National Labor Relations Act (the "**NLRA**").  The NLRA prohibits an employer from offering an employee a non-disparagement provision that is so broad that it curtails an employee's Section 7 rights.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is subject to dismissal because it failed to join the author(s) of the Communications as indispensable parties.

### TENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

### PRAYER FOR RELIEF

WHEREFORE, Defendant requests this Court to enter a judgment:

1. denying Plaintiff any and all relief in this case;
2. dismissing Plaintiff's Complaint in its entirety;
3. dismissing this case with prejudice;
4. awarding Defendant her costs and attorneys' fees incurred in this case; and
5. granting Defendant all other remedies that the Court deems just and proper.

Respectfully submitted this 1st day of April, 2025.

By: */s/ Patrick G. Brugger*
Patrick G. Brugger
Florida Bar No.: 35418
**SHUTTS & BOWEN LLP**
200 South Biscayne Blvd.
Suite 4100
Miami, FL 33131
T: 305-347-7329
F: 305-347-7893
pbrugger@shutts.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 1, 2025, I filed a copy of the foregoing with this Court's CM/ECF System to be served in accordance therewith on counsel who receive CM/ECF notifications in this case, including:

Martin Goldberg, Esq.
**LASHGOLDBERG**
Weston Corporate Center I
2500 Weston Rd., Ste. 220
Fort Lauderdale, Florida 33331

*/s/ Patrick G. Brugger*
Patrick G. Brugger